Judge Mills
delivered the Opinion of the Court.
The heirs of Arthur Fox took by descent from their father, the legal title to a tract of land, they being four in number. One of them afterwards died, leaving children, to whom descended one undivided fourth of the title. The present appellant, Benjamin Berry, obtained from the sun ivksg three, a conveyance of the land, wltichaaa.de him a tenant *264 in common with the children of thé remaining heir, who united with him in an ejectment, and obtained a judgment in the court below.
Bill by the defendants in the ejectment against Berry by name, and (he heirs of A. Fox, by that stile for injunction &c. on an equity from Fox in his lifetime.
Decree against Berry.
Assignment of errors.
Where the alienee of the heirs recovers in ejectment of one claiming an equity under their ancestor, he need not make the heirs defendants to his bill for injunction and relief.
But if in such case part only of the heirshad conveyed and the judgment is for their alienee and the other heirs, . these must be made party.
To be relieved against this judgment the appellees filed this bill, setting up an equity derived mediately from Arthur Fox in his lifetime. In the bill, the appellant is made defendant by name; and the legal representatives of Fox by the style of the heirs of A. Fox, without naming them, or stating that they were unknown, An injunction was obtained to the judgment at law. The appellant answered, and no proceedings were had to bring the heirs of Arthur Fox before the court.
On a final hearing, the courifc rendered an interlocutory decree, that the appellant ought to convey; and the appellees discontinued as to the heirs of Fox. A final decree was afterwards rendered, perpetuating the injunction, and directing the appellant to convey the whole land claimed by the appellee.
From this decree, Benjamin Berry has appealed* and assigns, among other things, the want of proper parties.
In the former opinion rendered in this cause, it escaped the attention of the court, that the whole title was not conveyed to the appellant, by the heirs of Fox, and that the judgment perpetually enjoined was rendered in favor of part or the whole of the heirs of Fox, as well as the appellant. It is there assumed that the heirs of Arthur Fox had conveyed the complete title, ahd that, as their ancestor had parted with the equity in his lifetime, and the heirs had conveyed the legal title since his death* they could have no interest to protect, and were, therefore, unnecessary parties, and that conclusion from the premises assumed, we still believe correct.
But upon a morecritical examination of the record, on a rehearing, we discover that part of the heirs of Fox, to wit, the children of one of his children, have not conveyed, and hold one fourth of the judgment enjoined. They were, therefore, necessary parties, and it was erroneous to hear the cause till they were before the court, and to render a final decree after the suit* as to them* was dismissed.
In a bill for a conveyance of the legal estate hold by paiqeners, joint tenants or tenants in common, all must be made defendants.
In the bill for injunction to «judgment for (herealty, all the holders of the j udgment most be par» tics.
The above principles applied td the case.
One fiom whom complainant derived his equity a necessary party,
Mandate on reversal for want of parties, for time to be gi ven for parties .1o be made; otherwise, <fce.
it is not compatible with fcirmer decisions of tills ¿court, or the rides which govern a court of chancery, to permit a complainant to maintain a bill, and procure relief by conveyance of the legal estáte, against one oY more of joint tenants, tenants in comihon, or parceners, omiting others; nor cam an injunction be granted to a judgment for the realty* unless'all the holders of that judgment are before the court. To permit such a procedure would multiply suits, instead of lessening the number, and woyld, in the cv.ent of separate suits, against each of the holders of an undivided interest separately, present the spectacle of relief against some, aíid a refusal of relief as'to others, arid of a judgment enjoined in part, and let loose in part, so that it could with difficulty be executed, or could not be executed at all.
The equity claimed against Fox, by the allegations of the parties and proof in this cause, is clear against the heirs of Fox in favor of the appellees, to some land, and the controversy rests upon th’e extent of that equity and the place where it is to lie. We would, therefore, not be understood as deciding that it is necessary, even now; to bring those of Fox’s heirs before the court who have convoyed to the appellant, and who are not parties to the judgement at law-; hut only those who have not conveyed and have a judgment, and have not had the opportunity of contesting herein the equity set up by the appellees against the title descended to them from their ancestor, and the judgment obtained by them, in conjunction with the appellant.
It will, also, result that not only are they necessary parties, but, also, the heirs of John Craig, from whom the complainants below derived their equity, and who derived his from Arthur Fox; and no decree ought to bo rendered on the merits till all are before the court.
This conclusion renders it unnecessary to say any thing on the merits which- were considered in the former opinion.
The decree of the court below, as well as the former decree of this court must, therefore, be reversed, with costs, and the-cause be remanded, with di *266 ree'tions'to 'the-court below to dismiss the bill with c°sts, and without prejudice to any future suit for the samo cause, unless the complainants below shall, in a reasonable time given for that purpose, bring the necessary parties before the court.
fVickliffe for appellants^ Talbot and Crittenden for •appellees.